UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2009 SEP -2 P 3: 07

SIGN_____
BY DEPUTY CLERK

STATE OF LOUISIANA,
THROUGH ITS DEPARTMENT
OF TRANSPORTATION AND
DEVELOPMENT

VERSUS

KITION SHIPPING CO., LTD., V.
SHIPS SWITZERLAND S.A., ET AL

CONSOLIDATED WITH

IN RE CRESCENT TOWING &
SALVAGE, CO., INC., AS OWNER
AND OPERATOR OF THE
M/V MARGARET F. COOPER,
PRAYING FOR EXONERATION FROM
OR LIMITATION OF LIABILITY

CIVIL ACTION NO.: 08-77-JVP-CN
C/W 08-452-JVP-CN

## RULING

This matter is before the court on a Motion to Strike and/or Dismiss the State of Louisiana's *In Rem* Claim (doc. 39) filed by defendant, Kition Shipping Co., Ltd. The matter was referred to Magistrate Judge Christine Noland who, on May 4, 2009, issued a report and recommendation (doc. 50) to which there were several objections and replies to objections by all parties. The matter was then referred back to Magistrate Judge Noland for further consideration and recommendation (doc. 60).

The court has carefully considered the petition, the record, the law applicable to this action, the first report and recommendation (doc. 50) and the Report and Recommendation of United States Magistrate Judge Christine Noland dated July 24, 2009 (doc. 64). Both parties have has filed objections which merely restate legal argument and do not require *de novo* factual findings under 28 U.S.C. § 636.

The court hereby approves the July 24, 2009 report and recommendation of the magistrate judge and adopts it as the court's opinion herein.

Accordingly, the Motion to Strike and/or Dismiss the State of Louisiana's *In Rem* Claim (doc. 39) is hereby **DENIED**. The State of Louisiana, through the Department of Transportation and Development shall be allowed to perfect *in rem* jurisdiction over the M/T KITION through arrest/seizure up until the commencement of trial in this matter.

The Cross-Motion Requiring Defendants to Post Security for the State's *In Rem* Claims and to Supplement Discovery Responses regarding Vessel Location (doc. 41) is hereby **GRANTED IN PART**, in that the Kition Interests shall be required to promptly supplement their discovery responses whenever they receive new or corrective information concerning the KITION's location and upcoming voyage(s), until the discovery deadline expires in this matter, and **DENIED IN PART**, in that the Kition Interests should not be required to post security as a result of their having pled a limitation of liability defense in their answer.

The DOTD's request to have the NTSB and USCG reports and the *Times-Picayune* newspaper article offered as evidence by the Kition Interests, and all references thereto, excluded is hereby **GRANTED**.

Considering the foregoing, the Motion for Leave of Court to File Responsive Pleading (doc. 69) is hereby **GRANTED** for purposes of having plaintiff's arguments on the record.

Baton Rouge, Louisiana, September 2nd, 2009.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA